**UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**GARY HAISH**                                               **CIVIL ACTION**

**versus**                                                       **NO. 05-2727**

**JAMES LEBLANC, WARDEN**                        **SECTION: "I" (1)**

<u>REPORT AND RECOMMENDATION</u>

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Gary Haish,[2] is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana.  Due to complications arising from the aftermath of Hurricane Katrina, the state has been able to produce only a portion of the state court record in this case.[3]  Nevertheless, as the state notes, that record is not required to dispose of the instant application, in that it is clear from the face of the application that it is untimely.

In his federal application, petitioner alleges that he was convicted in 1979 of manslaughter in violation of Louisiana law and was sentenced to a term of forty-two years imprisonment.[4]  For the purposes of this decision, the Court will accept those allegations as true.

On June 6, 2005, petitioner filed the instant application for federal *habeas corpus* relief, arguing that he was indicted by a grand jury empaneled in manner that violated the federal and state constitutions.[5]  As noted, the state argues that the federal application is untimely.[6]  For the following reasons, this Court agrees.

---

[2] It is unclear whether petitioner's surname is "Haish" or "Haisch."  Both surnames are used in the federal application and in the records relating to petitioner's state court conviction.

[3] Rec. Doc. 18, p. 2.

[4] Rec. Doc. 1, supporting memorandum, p. 2.

[5] Rec. Doc. 1.  Petitioner signed his application on June 6, 2005.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[6] Rec. Doc. 18.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications.  The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner concedes that his application was not filed within one year of the date on which his conviction and sentence became final and, therefore, would be untimely if 28 U.S.C. § 2244(d)(1)(A) is applicable.[7]  However, he argues that subsection (A) does not apply in his case.

Rather, he argues that subsection (D) applies.  As noted, § 2244(d)(1)(D) delays commencement of the statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  He argues that the "factual predicate" of one of his claims is the Louisiana Supreme Court's decision

---

[7] Rec. Doc. 1, supporting memorandum, p. 2.

in State v. Dilosa, 848 So.2d 546 (La. 2003), in which that court held that the Louisiana laws establishing a unique method for the selection of the grand jury venire and foreperson in Orleans Parish violated the prohibition against the passage of local laws concerning criminal actions set forth in La. Const. art. III, § 12(A).  He argues that his federal application is timely if the statute of limitations is calculated from the date of the Dilosa decision.[8]

It is unnecessary for the Court to perform such calculations, because petitioner's underlying legal argument is incorrect.  While the Dilosa decision may be the *legal* predicate for petitioner's claim, that is irrelevant.  Subsection (D) refers only to a *factual* predicate for a claim, and the Dilosa decision clearly is not a *factual* predicate.  As another federal court has noted:  "If a state court clarifies or changes state law in a case in which the federal habeas petitioner was not a party, and that subsequent legal determination is deemed a 'factual predicate,' then 'factual' would be meaningless." Lo v. Endicott, No. 04-C-0133, 2005 WL 2491465, at *1 (E.D. Wis. Oct. 6, 2005); see also Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005), cert. denied, 126 S.Ct. 1333 (2006); Hebbe v. Kane, No. CIV S-06-0074, 2006 WL 2434205, at *2 (E.D. Cal. Aug. 21, 2006); Turner v. Warren, No. 05-72274, 2006 WL 1109300, at *4 (E.D. Mich. Apr. 26, 2006); Torres v. Kearney, No. Civ. A. 04-109, 2005 WL 3263098, at *2 n.1 (D. Del. Dec. 1, 2005).

---

[8]  As an aside, the Court notes that petitioner's Dilosa claim is not even cognizable in this federal proceeding.  Dilosa was decided based solely on an issue of state law.  Federal *habeas corpus* relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice.  28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983). Moreover, the Louisiana Supreme Court has indicated that, even under state law, convicted prisoners are not entitled to relief based on Dilosa.  State v. Harris, 892 So.2d 1238 (La.) (see **3-4 of the unpublished appendix available on Westlaw), cert. denied, 126 S.Ct. 102 (2005).

- 4 -

In summary, petitioner concedes that his application would be untimely under 28 U.S.C. § 2244(d)(1)(A), and this Court rejects his contention that § 2244(d)(1)(D) is applicable. Further, petitioner does not argue that either § 2244(d)(1)(B) or § 2244(d)(1)(C) is applicable, and this Court finds that they are not.[9]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that

---

[9] As noted, § 2244(d)(1)(B) delays commencement of the statute of limitations until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  In this case, there is no fact alleged in the federal application which could be construed as state-created impediment.  The fact that the state courts had not declared the state laws invalid until Dilosa was decided does not constitute an "impediment" for the purposes of subsection (B). Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005), cert. denied, 126 S.Ct. 1333 (2006).

Section 2244(d)(1)(C) is likewise inapplicable.  Although petitioner asserts a claim based on Dilosa, that was a decision of the *Louisiana* Supreme Court and concerned only a *state* constitutional provision.  It is therefore irrelevant to tolling under subsection (C), which delays the AEDPA's statute of limitations only where the *United States* Supreme Court has newly recognized a *federal* constitutional right.  Davis v. Jones, Civil Action No. 05-5524, 2006 WL 1540114, at *2 (E.D. La. May 31, 2006) (Berrigan, J.); see also Finan v. Merritt, No. 802CV2171T30MSS, 2005 WL 3372866, at *3 (M.D. Fla. Dec. 12, 2005); Bathe v. Wallace, No. 05C541C, 2005 WL 3307505, at *3 (W.D. Wis. Dec. 5, 2005).

would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.[10]

<u>**RECOMMENDATION**</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Gary Haish be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of November, 2006.



SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[10]  Clearly, petitioner is not entitled to equitable tolling based on the <u>Dilosa</u> decision.  <u>See</u> <u>Shannon</u>, 410 F.3d at 1090; <u>Turner</u>, 2006 WL 1109300, at *7.